**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARQUISE ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-01704-HEA |
| | ) | |
| OFFICER RANDOULPH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Marquise Adams' application to proceed in the district court without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court will grant the application and charge plaintiff a $1.00 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will allow plaintiff to file an amended complaint in accordance with the directions set forth below. *See* 28 U.S.C. § 1915(e)(2)(B).

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In support of his application, plaintiff has not submitted a certified account statement as required by 28 U.S.C. § 1915(b)(1). Based upon the incomplete application, it is unclear if plaintiff receives any wages or has received any income in the past 12 months. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory

statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### The Complaint

Plaintiff is a pretrial detainee incarcerated at the St. Louis City Justice Center. He brings this suit pursuant to 42 U.S.C. § 1983 alleging defendants violated his constitutional rights during an incident at the Justice Center on November 9, 2023.  He names as defendants Officer Randoulph and Captain Willborn.[1] He sues both defendants only in their official capacities.

Plaintiff states that on November 9, 2023, just before lunch, Officer Randoulph handed a squeegee to inmates whose cell was flooded with water. To do this, he unlocked their cell door. When the cell door was opened, however, the two inmates "turned on the chance and ran out of their cell maybe to take the pod over."

Plaintiff states that Officer Bryant yelled for the fleeing inmates to surrender. The two inmates started "pop[ping] chuck holes open by a string on the top walk," opening plaintiff's chuck hole. Then officers dressed in combat gear ran into the pod firing shotguns, attempting to get the fleeing inmates to surrender. Plaintiff states that Captain Willborn came out of nowhere shouting "shut your chuck hole," and firing two rounds into plaintiff's cell through the chuck hole. The first round just missed plaintiff's face. The second round hit his left arm, injuring him and sending him

---

[1] Plaintiff spells defendant Willborn's name several different ways, *e.g.*, Wilborn, Willborn, and Willburn. The Court will refer to this defendant as Captain Willborn.

to the medical unit. Plaintiff states, "I suffered a plastic bullet wound to my left arm[.] Justice Center medical team gave me [ibuprofen] and wrapped my arm."

Officers Chatman and Bryant watched as this happened.  Plaintiff states that inmates cannot shut their chuck holes; that it is impossible. Presumably the strings to open the chuck holes are located outside of the cells.

For relief, plaintiff seeks monetary damages of $15 million.

### Discussion

Liberally construed, plaintiff complains that defendants violated his constitutional rights by using excessive force in attempting to quell a disturbance. Having carefully reviewed the complaint, and for the reasons discussed below, the Court will order plaintiff to file an amended complaint. *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff has sued Officer Randoulph and Captain Willborn in their official capacities only. In an official capacity claim against individuals, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"). To prevail on his official capacity claims against defendants, plaintiff must establish the City of St. Louis' liability for the alleged conduct. *Id.* at 1075.

Such municipal liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *see also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978); *Marsh v. Phelps Cty.*, 902 F.3d 745,

751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Plaintiff has not alleged any official municipal policy, unofficial custom, or failure to train or supervise on the part of the City of St. Louis that violated his constitutional rights. Thus, he cannot state a claim against defendants in their official capacities under § 1983. For this reason, plaintiff's action is subject to dismissal. Because plaintiff has alleged serious allegations, however, the Court will allow him to amend his complaint in accordance with the following instructions.

### Instructions for Filing Amended Complaint

Plaintiff should fill out the complaint form in its entirety, and sign and date it. *See* Fed. R. Civ. P. 11(a). Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. Importantly, as discussed above, the failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). If plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014).

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928

(8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth above, the Court will dismiss this action without prejudice and without further notice to plaintiff.

**Motion to Appoint Counsel**

Plaintiff has filed a motion to appoint counsel. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court may entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepayment of fees and costs is **GRANTED**. [ECF No. 3]

- 6 -

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within **thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff the Court's form prisoner civil rights complaint under 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that plaintiff shall have **thirty (30) days** from the date of this Order to file an amended complaint in accordance with the instructions above.

**IT IS FURTHER ORDERED** that if plaintiff does not file an amended complaint within **thirty (30) days** of the date of this Order, this action will be dismissed without prejudice and without further notice to plaintiff.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED without prejudice**. [ECF No. 2]

Dated this  26th day of  December, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE